DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ravenna Road Management, Inc., | ) | |
| | ) | CASE NO. 5:06 CV 698 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | (Resolving Doc. No. 32) |
| City of Twinsburg, Ohio, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

I.  Introduction

This action commenced on March 28, 2006, with the filing of a complaint and a motion for preliminary injunction.  The Court conducted a hearing on the motion on May 23, 2006, and thereafter granted the motion with a Memorandum Opinion filed on June 7, 2006.[1]  (See Doc. No. 25).  No appeal was taken by the defendant City of Twinsburg from the granting of the preliminary injunction.  By Order dated July 17, 2006, the Court then scheduled a Case Management Conference (CMC) for August 18, 2006.  (See Doc. No. 27).  In advance of the CMC, the parties filed a joint stipulation for the entry of a final judgment.  (See Doc. No. 28).  The Court approved the joint stipulation and entered final judgment on August 7, 2006.  (See

---

[1] The motion for preliminary injunction was prompted by the City's unsuccessful attempt to restrict the proposed production by the plaintiff of "erotic dance performances" at its nightclub, the Matchhouse, located within the City of Twinsburg.  The City's effort to stop the "erotic dance performance" was limited to the provisions of its Building Code, as opposed to a relevant Zoning Code.

(5:06 CV 698)

Doc. No. 30). The final judgment included plaintiff's waiver of compensatory damages, but reserved plaintiff's right to seek attorney fees.

## II. The Plaintiff's Application for Attorney Fees

A. Is the plaintiff entitled to an award of attorney fees?

The plaintiff's application for an award of attorney fees was filed on August 18, 2006, and initially estimated the fees and costs to be approximately $48,000.00. In the application, plaintiff's counsel sought a four-week leave to supplement the application. The defendant City promptly responded, arguing, in reliance on Edinburg Restaurant, Inc. v. Edinburg Twp., 203 F.Supp. 2d 865 (N.D. Ohio 2001), that the plaintiff was not entitled to an award of attorney fees because the action was resolved early in the proceedings after the Court granted Plaintiff's motion for a preliminary injunction. Plaintiff filed a supplement to its motion, which reduced the amount sought to $46,694.40. (See Doc. No. 35). The City then responded in opposition (Doc. No. 36) and the plaintiff filed a reply (Doc. No. 37).

The Court published a short memorandum indicating that the plaintiff was entitled to an award of attorney fees, stating in relevant part as follows:

> In the Edinburg Restraurant [sic] case, the Magistrate Judge denied an award of attorneys' fees, concluding that even though Plaintiff was a prevailing party, an award of attorneys' fees would not further the purposes of 42 U.S.C. Section 1988 and that the balancing of equities would not favor an award of fees. However, in the instant case, the Court concludes that an award of attorneys' fees will further the purposes represented by 42 U.S.C. Section 1988 and there are no special circumstances that would lead the Court to deny an award of fees in this case. See Berger v. City of Mayfield Hghts., 265 F.3d 399, 406 (6th Cir. 2001).

(Doc. No. 38, at 1-2). The Court then referred the issue to mediation which failed.

(5:06 CV 698)

B.  The Specifics of the Plaintiff's Application (Doc. No. 35)

J. Michael Murray, lead counsel for the plaintiff, seeks fees for 42 hours at the rate of $300.00 an hour.  Mr. Murray, a practicing lawyer for 30 years has developed a national reputation with respect to first amendment issues.  Thus, he seeks an award of $12,600.00 for his services.

Jeremy A. Rosenbaum, a 1985 law school graduate seeks an award of attorney fees based on 133.70 hours at the rate of $250.00.

In addition, plaintiff seeks expenses of $669.40 (including court costs of $175.00), for an overall total of fees and expenses in the amount of $46,694.40.

III.  Defendant's Opposition to the Award of Attorney Fees  (Doc. No. 36)

A.  Argument Based on *Edinburg Restaurant v. Edinburg Twp.*, 203 F.Supp. 2d. 865 (N.D. Ohio 2001)

As earlier indicated, the Court declined to follow Edinburg in its earlier order calling for the failed mediation.  The Court elects to not revisit that issue even though it is sympathetic to the City's failed attempt to control adult entertainment.[2]

B.  Defendant's Argument for Reduction

Defendant argues that the attorney fee award should be reduced since the fee claims are excessive and plaintiff did not expend a reasonable number hours on the litigation.  In support of

---

[2] During the Court's prior experience as the Stark County Prosecuting Attorney, he oversaw a strong prosecutorial attack on pornographic literature, movies and performances which led, in one case, to the United States Supreme Court.

3

(5:06 CV 698)

this argument, defendant points to the fact that no formal discovery was conducted and the defendant entered into a consent judgment. Against that background, the defendant argues that the 133.7 hours claimed by Attorney Rosenbaum are excessive and his fee bill provides insufficient detail to analyze the tasks performed by Rosenbaum. The defendant also argues that the case was fairly simple and if, as he claims, Rosenbaum is worth $250.00 an hour, the hours he claims are simply excessive.

The defendant does not quarrel with the hourly rates sought by the plaintiff, but asserts that the fee bills of the defendant's counsel only reached approximately $19,000.00.

### IV. The Applicable Law and the Court's Ruling

The Court will apply the Northcross[3] method of multiplying hours by rate for determining a reasonable award. No claim has been advanced to challenge the requested hourly rates of $300.00 sought by Attorney Murray and $250.00 sought by Attorney Rosenbaum. Thus the Court will approve those hourly rates.

After examining the itemized statements of Attorney Rosenbaum, the Court finds that they simply do not support a claim of 133.70 hours by a lawyer who asserts he should be compensated at the rate of $250.00 an hour. Mindful of the admonition that attorney fee disputes should not become satellite litigation and reluctant to hold an evidentiary hearing to have Attorney Rosenbaum testify in support of his claim of 133.70 hours where he was second chair

---

[3] See Northcross v. Board of Ed. of Memphis City Schools, 611 F.2d 624 (6th Cir. 1979).

4

(5:06 CV 698)

in a relatively simple case, the Court will reduce his number of claimed hours by one fourth to a total of 100.27 hours for a total award of $ 25,067.50.

  The application of Mr. Murray is approved for an award of $12,600.

  The unopposed claim for fees and costs in the sum of $669.40 is approved.

  Therefore, the total approved award is $37,667.50 in attorney fees and $669.40 in costs and expenses, for a total award of $38,336.90. By a separate order, judgment will be granted the plaintiff for an award of $38,336.90 to be paid by the defendant City of Twinsburg.

  IT IS SO ORDERED.


 January 23, 2007          /s/ David D. Dowd, Jr.
Date               David D. Dowd, Jr.
                 U.S. District Judge